JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANNETTE HILTON-DAVIS, Administratrix of the Estate of LISA J. HILTON, deceased

**(b)** County of Residence of First Listed Plaintiff: Washington County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Andrew J. Stern, Esquire, Kline & Specter, 457 Haddonfield Road, Suite 540, Cherry Hill, NJ
andy.stern@klinespecter.com, 856-662-1180

## DEFENDANTS
THE UNITED STATES OF AMERICA

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District (specify)
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1346(b)(1)

Brief description of cause:
Delay in diagnosis of cervical cancer by Public Health Service employees under 42 U.S.C. Section 233(g)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 10,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 11/06/2013
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

KLINE & SPECTER
Attorneys At Law
Andrew J. Stern, Esquire, NJ ID. No. 32285
457 Haddonfield Road, Suite 540
Cherry Hill, NJ 08002
(856) 662-1180                                                          Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNETTE HILTON-DAVIS, Administratrix of the Estate of LISA J. HILTON, deceased, 11242 Scarlet Oak Drive Hagerstown, MD 21740<br><br>                              Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br>                              Defendant. | **Civil Action No.:**<br><br>**JURY TRIAL DEMANDED** |

### CIVIL ACTION

### COMPLAINT – MEDICAL MALPRACTICE

Plaintiff, Annette Hilton-Davis, as Administrator ad Prosequendum, to the Estate of Lisa J. Hilton, deceased, by and through the undersigned counsel, Kline & Specter, Attorneys at Law, hereby files the within Complaint against the above-referenced Defendant as follows:

### PARTIES

1. Plaintiff Annette Hilton-Davis is the Administrator ad prosequendum of the Estate of her deceased sister, Lisa J. Hilton, and resides at 11242 Scarlet Oak Drive, Hagerstown, MD 21740.

2. Tobi Smolensky, N.P., is an adult-citizen, resident and nurse practitioner licensed

to practice medicine in the State of New Jersey, who at all times relevant hereto, maintained a place of business and practiced medicine at CAMCare Health Corporation (hereinafter CAMCare) in Camden County at 8th and Carl Miller Boulevard, Camden, NJ 08104. At all times relevant hereto, Nurse Smolensky acted in the capacity of Plaintiff's decedent's treating nurse practitioner at CAMCare.

3. Andrenette Fleming, M.D., is an adult-citizen, resident and physician licensed to practice medicine in the State of New Jersey, who at all times relevant hereto, maintained a place of business and practiced medicine at CAMCare in Camden County at 8th and Carl Miller Boulevard, Camden, NJ 08104. At all times relevant hereto, Dr. Fleming acted in the capacity of Plaintiff's decedent's treating gynecologist and had supervisory responsibility for the nurse practitioners caring for Plaintiff's decedent at CAMCare.

4. "Sue", is an adult individual, citizen and resident of the State of New Jersey, who at all times relevant hereto, was the employee, agent and/or servant of Defendant, CAMCare in Camden County, New Jersey.

5. Karen Way, R.N., is an adult-citizen, resident and nurse licensed to practice medicine in the State of New Jersey, who at all times relevant hereto, maintained a place of business and practiced nursing at CAMcare in Camden County, New Jersey.

6. CAMCare is a business entity and medical healthcare facility, organized, operating and existing under the laws of the State of New Jersey, maintaining a place of business at 8th and Carl Miller Boulevard, Camden, NJ 08104. CAMCare owns, maintains, operates and staffs, among other things, a hospital. At all times material hereto, CAMCare was engaged, through its actual agents, apparent agents, ostensible agents, servants, partners, and/or employees, including Tobi Smolensky, N.P., Andrenette Fleming, M.D., "Sue" and Karen Way,

R.N., in the provision of medical care and service to patients, such as Plaintiff's decedent, and at all times material has actual and/or constructive knowledge of the medical care provided to Plaintiff's decedent. As stated more fully herein, CAMCare's actual agents, apparent agents, ostensible agents, servants, partners, and/or employees, acted at all times within the course and scope of their employment with regard to the medical care and treatment rendered to Plaintiff's decedent.

7. Pursuant to Certification by the Attorney General, Tobi Smolensky, N.P., Andrenette Fleming, M.D., "Sue" and Karen Way, R.N. are deemed Public Health Service employees under 42 U.S.C. § 233(g), who were acting within the scope of their office as employees of CAMCare at the time of the incident out of which this claim arose, and therefore, this action shall be deemed an action against the United States pursuant to 28 U.S.C. 2679(d)(1).

8. At all times relevant hereto, Tobi Smolensky, N.P., Andrenette Fleming, M.D., "Sue" and Karen Way, R.N. were licensed healthcare professionals and/or non-professional personnel, providing, overseeing and/or carrying out healthcare and services for Plaintiff's decedent, whose names may or may not be maintained in the medical records of CAMCare. At all times material hereto, these individuals were engaged, through their actual agents, apparent agents, ostensible agents, servants, partners, and/or employees, in the provision of medical care and services to Plaintiff's decedent, and at all times material, had actual and/or constructive knowledge of the medical care provided to her. As stated more fully herein, a claim is being asserted against the United States directly and/or under theories of respondeat superior, master-servant, agency and right of control for the medical care rendered to Plaintiff's decedent by these individuals in relation to care from June 23, 2007 to September 15, 2009.

9. At all times relevant hereto, the above named entities and individuals provided

3

medical care, evaluation, treatment and services to Plaintiff's decedent, and in doing so, were acting in their own right, and in the course and scope of their duly authorized, actual agency, ostensible agency, servant, partnership, and/or employment relationship with CAMCare, to further the business interests of these entities. Accordingly, Defendant United States of America on behalf of CAMCare is liable for the negligent actions and omissions of the above named entity and individuals under theories of respondeat superior, master-servant, agency and right of control.

10. The injuries, damages and ultimate demise suffered by Plaintiff's decedent were caused solely and exclusively by the negligence and carelessness of the above named individuals, and/or their actual agents, apparent agents, ostensible agents, servants, partners and/or employees, and were due in no manner whatsoever to act or failure to act on Plaintiff's decedent's part.

11. At all times relevant hereto, a physician-patient and/or a nurse-patient and/or healthcare provider-patient relationship existed between Plaintiff's decedent and the medical providers in this action and their actual agents, apparent agents, ostensible agents, servants, partners, and/or employees.

12. At all times relevant hereto, all medical providers were conducting business activity within the State of New Jersey.

13. Plaintiff is asserting professional liability claims against the United States of America as specified herein.

## STATEMENT OF JURISDICTION

14. This Court also has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b)(1) because the United States is a defendant to this action based upon the

Certification by the Attorney General, that Tobi Smolensky, N.P.. Andrenette Fleming, M.D., "Sue" and Karen Way, R.N. are deemed Public Health Service employees under 42 U.S.C. § 233(g), who were acting within the scope of their office at the time of the incident out of which this claim arose, and therefore, this action shall be deemed an action against the United States pursuant to 28 U.S.C. 2679(d)(1).

15. Further, pursuant to 28 U.S.C. 2679(d)(5) and 2675(a), this claim is timely presented under section 2401(b) because the claim would have been timely filed had it been filed on the date the underlying civil action was commenced and the claim was presented to the appropriate Federal agency more than six (6) months ago, and no agency action has been taken pursuant to 28 U.S.C. § 2401(b).

## STATEMENT OF VENUE

16. This Court properly has venue over this matter in accordance with 28 U.S.C. §1391 and §1402(b) because the cause of action arose in this judicial district.

## FACTS

17. Ms. Hilton was seen at CAMCare on June 23, 2006 for a routine gynecologic examination, including PAP testing.

18. Ms. Hilton was seen by CAMCare employee and/or agent Tobi Smolensky, N.P. on June 23, 2006.

19. It is believed and therefore averred that CAMCare employee and/or agent Andrenette Fleming, M.D., had supervisory responsibility for Nurse Smolensky.

20. The PAP test was interpreted by Defendant, Antonius Sehonandra, M.D. from LabCorp.

5

21. According to Dr. Sehonandra, this PAP testing revealed highly atypical cells suspicious for cervical cancer.

22. The report containing the PAP test results was issued on July 10, 2006 by LabCorp and was received at CAMCare on July 11, 2006 by "Sue".

23. Defendant, Karen Way, R.N., documented her awareness of the findings from the June 23, 2007 PAP smear, but failed to notify Plaintiff of them at any time.

24. Neither CAMCare, Dr. Sehonandra, "Sue", Nurse Way nor any other person or entity notified Ms. Hilton of these abnormal and concerning findings.

25. On July 21, 2006, Ms. Hilton returned to CAMCare to receive the results from her PAP testing from Nurse Smolensky.

26. Ms. Hilton was told by Nurse Smolensky on July 21, 2006 that her PAP results were pending and that she should return to the office as needed.

27. Ms. Hilton was never properly notified by CAMCare or Nurse Practitioner Smolensky, Dr. Fleming, Dr. Sehonandra, "Sue", or Nurse Way of these abnormalities highly suspicious and concerning for cervical cancer from her June 23, 2006 PAP smear.

28. On August 30, 2007, Ms. Hilton returned to CAMCare, at which time she still had not been notified of the results of her 2006 PAP smear.

29. Ms. Hilton was seen by Debbie Spencer, M.D. on August 30, 2007.

30. During her office visit of August 30, 2007, Ms. Hilton reported heavy menses, irregular bleeding and pain with intercourse.

31. On examination, a 5x5 cm. friable mass was present. A PAP smear and cervical biopsy were performed on August 30, 2007.

32. Ms. Hilton returned to CAMCare on September 14, 2007 and was seen by Debbie Spencer, M.D.

33. Dr. Spencer documented that Ms. Hilton had invasive poorly differentiated squamous cell cervical carcinoma and was referred to oncology at Cooper Hospital.

34. Ms. Hilton was diagnosed with highly aggressive Stage IIB cervical cancer and underwent surgery, chemotherapy and radiation treatment.

35. As a direct and proximate result of the Defendants' negligence and carelessness in the delay in diagnosis and treatment of her cancer, Ms. Hilton died on September 25, 2009.

36. As a direct and proximate result of the negligence and carelessness of the Defendants and their agents and/or employees as set forth with particularity herein, Plaintiff's decedent experienced a worsening and progression of her condition, metastasis, loss of chance of cure and various other conditions associated with the progression of her cancer.

37. As a direct and proximate result of the Defendants' negligence and carelessness, Plaintiff's decedent required additional medical care and treatment, including multiple painful procedures and treatments. Plaintiff's decedent also incurred substantial medical expenses.

38. As a direct and proximate result of the Defendants' negligence and carelessness, Plaintiff's decedent experienced significant pain and suffering, loss of enjoyment of life and loss of life's pleasures, humiliation, disfigurement, embarrassment, and loss of income and future economic horizons.

### COUNT I – NEGLIGENCE

39. The preceding paragraphs are incorporated by reference as though fully set forth herein.

40. The negligence and carelessness of Tobi Smolensky, N.P., Andrenette Fleming, M.D.,"Sue" and Karen Way, R.N. is set forth below as follows:

   a. Failure to properly diagnose, manage, and treat Ms. Hilton's cervical cancer;

   b. Failure to timely and properly notify Ms. Hilton of abnormal and concerning findings from PAP smear;

   c. Negligently delaying in the diagnosis and treatment of Ms. Hilton's cervical cancer;

   d. Failing to timely perform biopsy in light of concerning findings from PAP smear;

   e. Failing to timely refer Ms. Hilton to a specialist to initiate proper treatment of her cervical cancer;

   f. Failing to initiate aggressive management and treatment of Ms. Hilton's cervical cancer.

   g. Failing to evaluate all relevant information with respect to Ms. Hilton's test results.

   h. Failing to properly document the medical record;

   i. Failing to properly supervise medical personnel;

   j. Failing to take all reasonable steps so as not to be a substantial contributing factor in the injury and harm suffered by Ms. Hilton;

   k. Failing to take all appropriate steps so as not to cause injury and harm to Ms. Hilton;

    l.    Failing to comply with accepted standards of care in all aspects of Ms. Hilton's care as described herein;

    m.    Negligently increasing the risk of harm.

41.    As a direct and proximate result of the negligence and carelessness of the above individuals, jointly and severally, as set forth with particularity herein, Plaintiff's decedent suffered progression and worsening of cervical cancer, metastasis, loss of chance of cure, various conditions associated with cervical cancer, and required painful medical care and treatment.

42.    As a direct and proximate result of the negligence and carelessness of all defendants, jointly and severally, as set forth herein, Plaintiff's decedent suffered substantial pain, suffering, embarrassment, humiliation, disfigurement and death.

43.    As a direct and proximate result of the negligence and carelessness, jointly and severally, as set forth herein, Plaintiff's decedent suffered loss of income and future economic horizons.

44.    As a direct and proximate result of the negligence and carelessness, jointly and severally, as set forth herein, Plaintiff's decedent incurred substantial medical expenses.

## COUNT II – CORPORATE NEGLIGENCE

45.    The preceding paragraphs are incorporated as though fully set forth herein.

46.    CAMCare owed a non-delegable duty directly to Plaintiff, which consisted of:

    a.    A duty to use reasonable care in the maintenance of safe and adequate facilities and equipment;

    b.    A duty to select and retain only competent physicians;

    c.    A duty to oversee all persons who practice medicine within its walls as to patient care; and

    d.    A duty to formulate, adopt, and enforce adequate rules and policies to ensure quality care for the patients.

47.    The corporate negligence committed by CAMCare, arises out of the medical evaluation, care, and treatment rendered to Plaintiff at CAMCare from June 23, 2006 to September 25, 2009 and, consists of the following failures:

    a.    Failing to use reasonable care in the maintenance of safe and adequate facilities and equipment by failing to ensure timely and proper:

    b.    Diagnosis, treatment, and/or management of Plaintiff's cervical disease;

    c.    Formulation of a plan of care to properly diagnose, treat, and/or manage Plaintiff's cervical disease;

    d.    Proper notification of concerning and ominous laboratory results;

    e.    Referral to an appropriate specialist for prompt treatment of cervical disease;

    f.    Aggressive medical and surgical management of Plaintiff's cervical disease;

    g.    Communication by and between members of CAMCare and Plaintiff's decedent regarding Plaintiff's cervical disease;

    h.    Supervision of members of CAMCare regarding the care and treatment being rendered to Plaintiff;

    i.    Documentation of the medical record.

48.    Failing to select, retain and monitor the competence of the members of its medical staff and those affiliated physicians and nurses by failing to ensure:

    a.    Diagnosis, treatment, and/or management of Plaintiff's cervical disease;

  b. Formulation of a plan of care to properly diagnose, treat, and/or manage Plaintiff's cervical disease;

  c. Recognition and/or investigation of signs and symptoms of cervical disease;

  d. Prompt referral to an appropriate specialist for treatment of cervical disease;

  e. Initiating aggressive medical and surgical management of Plaintiff's cervical disease;

  f. Communication by and between members of CAMCare and Plaintiff's decedent regarding Plaintiff's cervical disease;

  g. Supervision of members of CAMCare regarding the care and treatment being rendered to Plaintiff.

49. Failing to oversee all persons who practice medicine and nursing within its walls by failing to ensure timely and proper:

  a. Diagnosis, treatment, and/or management of Plaintiff's cervical disease;

  b. Formulation of a plan of care to properly diagnose, treat, and/or manage Plaintiff's cervical disease;

  c. Recognition and/or investigation of signs and symptoms of cervical disease;

  d. Prompt referral to an appropriate specialist for treatment of cervical disease;

  e. Initiating aggressive medical and surgical management of Plaintiff's cervical disease;

  f. Communication by and between members of CAMCare and Plaintiff's decedent regarding Plaintiff's cervical disease;

  g. Supervision of members of CAMCare regarding the care and treatment being rendered to Plaintiff.

50. Failing to employ, adopt, enforce, and/or utilize proper mechanism, policies, procedures and regulations to ensure timely and proper:

  a. Diagnosis, treatment, and/or management of Plaintiff's cervical disease;

  b. Formulation of a plan of care to properly diagnose, treat, and/or manage Plaintiff's cervical disease;

  c. Recognition and/or investigation of signs and symptoms of cervical disease;

  d. Prompt referral to an appropriate specialist for treatment of cervical disease;

  e. Initiating aggressive medical and surgical management of Plaintiff's cervical disease;

  f. Communication by and between members of CAMCare and Plaintiff's decedent regarding Plaintiff's cervical disease;

  g. Supervision of members of CAMCare regarding the care and treatment being rendered to Plaintiff.

51. As a direct and proximate result of the negligence and carelessness of all medical providers identified herein, jointly and severally, as set forth with particularity herein, Plaintiff's decedent suffered progression and worsening of cervical cancer, metastasis, loss of chance of cure, various conditions associated with cervical cancer, and required painful medical care and

treatment.

52. As a direct and proximate result of the negligence and carelessness of all medical providers identified herein, jointly and severally, as set forth herein, Plaintiff's decedent suffered substantial pain, suffering, embarrassment, humiliation, disfigurement and death.

53. As a direct and proximate result of the negligence and carelessness of CAMCare, as set forth herein, Plaintiff's decedent suffered loss of income and future economic horizons.

54. As a direct and proximate result of the negligence and carelessness of CAMCare, as set forth herein, Plaintiff's decedent incurred substantial medical expenses.

## COUNT III- WRONGFUL DEATH

55. The preceding paragraphs are incorporated by reference as though fully set forth herein.

56. Plaintiff files this Wrongful Death action pursuant to the Wrongful Death Act, N.J.S.A. 2A:31-1, *et. seq.* and assert entitlement to all claims and damages as set forth in the Wrongful Death Act and supporting case law.

57. The beneficiaries are:

    Chontiquah D. Dyer, DOB 7-28-99;

    Chanteya D. Dyer, DOB 8-12-93;

    Dwayne E. Patterson, Jr., DOB 11-24-95;

    Talia N. Hilton-Jones; DOB 11-22-99;

    Arcolia E. Holton, Jr; DOB 08-12-93.

## COUNT IV- SURVIVAL ACT

58. Plaintiff incorporates by reference paragraphs 1 through 57, inclusive, as if set forth at length herein.

59. Plaintiff claims damages against all defendants in accordance with the New Jersey Survival Act, which is incorporated by reference herein. (N.J.S.A. 2A:15-3 *et seq.*).

60. Plaintiff's decedent experienced significant pain and suffering, disfigurement and fear of impending death her in connection with her cervical cancer as well as the other economic losses described herein.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, demands judgment against Defendants, jointly and severally, as follows:

1. Monetary damages in excess of the federal arbitration limit of $150,000 (one hundred and fifty thousand dollars), including compensatory damages against all Defendants;
2. Punitive damages;
3. Attorney's fees and costs; and
4. Such other relief as the Court deems proper.

Respectfully submitted,

**KLINE & SPECTER**

BY: _____
Andrew J. Stern, Esquire (NJ ID No.: 32285)
457 Haddonfield Road, Suite 540
Cherry Hill, NJ 08002
*Attorney for Plaintiff*

Date: November 6, 2013

14